Ex parte Larry Julian BLACKMON.

No. 16668.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 1976.

Vern J. Thrower & Associates, K. D. Keenan, Houston, for appellant.

EVANS, Justice.

Relator, Larry Julian Blackmon, filed this original proceeding for writ of habeas corpus, contending that an order entered by the Court of Domestic Relations No. 1 of Harris County, Texas, holding him in contempt of court for failure to make timely child support payments was void.

The order of commitment complained of by relator recites that he was charged with contempt in failing to comply with the terms of a divorce decree dated July 17, 1972, wherein the court ordered him to pay the sum of $125.00 each month to his former wife for the support and maintenance of their minor child. The court found relator guilty of contempt in that he had failed and refused to pay such child support in the amount of $250.00 and had also failed and refused to make such payments on or before the 15th day of the month as ordered by the court. This order fixed relator's confinement in the County jail for a period of 120 days beginning December 12, 1975, and provided that he should be further confined until he purged himself of the contempt by paying the arrearage of $250.00, court costs and attorney's fees of $750.00.

The original petition for contempt filed by relator's former wife alleged in general terms that relator had failed and refused to comply with the support provisions of the divorce decree. Relator filed special exceptions to this petition asserting that it did not give him fair notice as to the amount of arrearage complained of, the number of months and for which months he was alleged to be in arrears, and that the divorce decree had been superseded by a subsequent order entered November 26, 1974, which modified the parent-child relationship and ordered relator to make one sup-

port payment to his former wife on November 29, 1974. At the hearing on the relator's special exceptions, the original petition for contempt was orally amended so as to allege that relator was "in arrears for the months of August, September, November and December, 1974."

It is relator's contention that there is no evidence to support the trial court's finding that he was $250.00 in arrears in payment of his child support for the months of August, September and November, 1974, and that there was no court order directing him to pay child support to his former wife for December, 1974.

The relator affirmatively testified that he had made child support payments by checks made payable to and accepted by his former wife for the period January, 1974, through August, 1974 and that on one occasion during this period of time he had made a double payment so that he would always be one month ahead. This testimony was supported by his cancelled checks and banking records. His former wife did not deny nor offer any evidence to refute relator's showing that the checks were made and received for the months indicated. Relator testified that he made the September payment to his former wife in cash and that for the purpose of confirming this payment, he made a notation on the face of his October check that it was made and accepted as child support payment "in full" as of that time. His former wife admitted she had received some cash but stated that she did not have her records with her and could not say when such cash payments were made. She testified she did not consider the October check payment in full, that she took the check because she needed it for child support and did not notice the recitation on its face until after she had left her attorney's office.

Relator testified that the November 1974 payment was made by him pursuant to the court's order entered November 25, 1974, modifying the terms of the divorce decree and designating him as the managing conservator of the minor child. That order provided that relator should "continue child support as heretofore ordered" and that the first payment was to be made to the Harris County Probation Department on or before November 29, 1974. It provided that relator's former wife had been served with citation to appear at the hearing on November 18, 1974, but had failed to appear. Relator testified that at the hearing on November 18, 1974, he advised the court that he had not made the November payment and the court ordered him to make such payment on November 29, 1974. He testified that he did not make the payment on November 29 because that was the Thanksgiving weekend and the Harris County Probation Department was closed, so that he made the payment the following Monday. The only other occasion when relator was late in making a payment was in March 1974, when he was approximately two weeks late. He explained that on that occasion his former wife was in the hospital in intensive care and he could not find a way to get the payment to her.

The evidence produced by relator was not refuted by his former wife who filed the petition for contempt. Her testimony was conclusory in nature and amounted only to a statement that according to her records, which she did not have with her, relator was in arrears for the months of August, September, November and December of 1974. The order of November 26, 1974, designating relator as the managing conservator of the child did not require relator to make further child support payments to his former wife other than the November payment which was to be paid on November 29, 1974. Accordingly relator could not have been in contempt for failure to make a payment for the month of December 1974. In view of petitioner's uncontradicted testimony, and the documentary evidence offered in support thereof, and taking into consideration the court's order of November 26, 1974, which indicated no prior deficiencies in payment, we hold there is no evidence to support the trial court's finding that an arrearage of two months existed.

"Contempt is not to be presumed, but on the contrary is presumed not to exist. A judgment of contempt without support in the evidence is void, and the Court is without jurisdiction to order punishment in the absence of some evidence of contemptuous disobedience." *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824 (Tex.1960).

Since there is no evidence of probative force to support the trial court's finding that an arrearage existed in the amount of $250.00, the order of contempt is void. The order does not impose any separate penalty for the relator's alleged failure to make payments when due and we are not authorized to make that determination.

Relator's petition for writ of habeas corpus is granted and he is ordered discharged from custody.